## Odd Fellows Benefit Association *v.* Celia Smith.

[58 South. 100.]

1. Mutual Benefit Insurance. *Forfeiture of policy. Nonpayment of dues. Principal and agent. Unauthorized act of agent. Effect on principal. Waiver. Knowledge by principal. Custom of local agents.*

   Where the Constitution and by-laws of a mutual benefit association provides that a member who does not pay a monthly assessment by the 15th day of the month in which it becomes due shall *ipso facto* forfeit his membership in the association and his policy become cancelled, a certificate was forfeited where the monthly dues were not tendered until after insured's death which occurred after the 15th of the month.

2. Principal and Agent. *Unauthorized act of agent. Effect on principal.*

   The acts of an agent in excess of his real or apparent authority are not binding upon his principal.

3. Same.

   The limitations upon the authority of an agent, known to persons dealing with him, are binding upon such person, and they can acquire no rights against the principal by dealing with the agent contrary thereto.

4. Same.

   In determining whether the limitations placed by the principal on his agent's authority have been waived by reason of a custom of the agent to act in violation thereof, one of the essential facts to be determined is whether or not such custom on the part of the agent was known to, and acquiesced in, by the principal.

5. Mutual Benefit Insurance. *Knowledge of Constitution and by-laws.*

   The secretary of a local lodge of a mutual benefit association is its agent for the purpose of collecting its monthly assessments and his authority to do so is derived from and limited by its Constitution and by-laws with notice of which assured is charged for the reason that they constitute a part of his contract of insurance.

6. MUTUAL BENEFIT INSURANCE.  *Waiver of forfeiture.  Custom of local agents.*

> Where it is not shown that any  general officer of a mutual benefit association had any knowledge that its local agents habitually accepted dues after they were due under its Constitution and by-laws, the association did not acquiesce, in such custom, so as to waive a forfeiture of the contract of insurance for nonpayment of dues in time.

APPEAL from the circuit court of Lauderdale county. HON. J. L. BUCKLEY, Judge.

Suit by Celia Smith against the Odd Fellows Benefit Association.

From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Cassedy & Butler,* for appellant, filed an elaborate brief too long for publication contending:

1st.   That the custom and course of dealings upon which assured relied did not work an estoppel, and,

2d.   That assuming that a custom and course of dealings was shown with reference to the acceptance of past due assessments by the local secretary that this does not work an estoppel under the facts in this case, citing:   Cooley's Briefs on Insurance, 2496-2499 and 2502-2504; Bacon, Ben. Soc., 434; *Harvey* v. *Grand Lodge,* 50 Mo. App. 473; *Graves* v. *Modern Woodmen,* 85 Minn. 396; *Elder* v. *Grand Lodge,* 79 Minn. 468; *Royal Highlanders* v. *Scovell,* 66 Neb. 213, 4 L. R. A. (N. S.) 421; *Field* v. *National Council,* 64 Neb. 226; *Knights of Honor* v. *Oeters,* 95 Va. 610; *Bargrafe* v. *Knights of Honor,* 22 Mo. App. 127; *Williams* v. *Relief Assn.,* 89 Me. 158; *Chadwick* v. *Triple Alliance,* 56 Mo. App. 463; *Knights of Honor* v. *Keener,* 6 Tex. Civ. App. 267; *Knights of Honor* v. *Jones,* 69 N. E. 718; *Lavin* v. *Grand Lodge,* 78 N. W. 325; *United Moderns* v. *Pike,* 76 S. E. (Tex.) 774; *Adams* v. *Grand Lodge,* 92 N. W. 588; *Doyl* v. *Royal Circle,* 99 Mo. App. 349; *Woodmen* v. *Rothschild,* 15

Tex. Civ. App. 463; *Supreme Council* v. *Taylor,* 121 Fed. 66; *Lewis* v. *Mutual Life Ins. Co.,* 44 Conn. 72; *Thompson* v. *Knickerbocker Insurance Co.,* 104 U. S. 256; *Hartford Life Insurance Co.* v. *Unsell,* 144 U. S. 349; *Morgan* v. *Jacobs,* 90 Miss. 872; *Association* v. *McConico,* 53 Miss. 233; *Rivara* v. *Insurance Co.,* 62 Miss. 720; *Morgan* v *Jacobs,* 90 Miss. 864; *Railroad Company* v. *Swanson,* 92 Miss. 485; *Busby* v. *Railroad,* 90 Miss. 13; *Robinson* v. *Thompson,* 74 Miss. 847; *Everman* v. *Herndon,* 71 Miss. 823; *Crossman* v. *Mass. Ben. Assn.,* 143 Mass. 435; *Harvey* v. *United Workmen,* 50 Mo. App. 472; *Mutual Life Ins. Co.* v. *Girard,* 100 Pa. St. 172; *Marston* v. *Life Ins. Co.,* 59 N. H. 92; *Knights of Honor* v. *Jones,* 69 N. E. 218; *Smith* v. *Life Ins. Co.,* 63 Fed. 772; *Lantz* v. *Life Ins. Co.,* Pa. St. 546, 10 L. R. A. 577; *Helme* v. *Philadelphia L. Ins. Co.,* 61 Pa. 107; *Rapp* v. *Palmer,* 3 Watts. 178; *Want* v. *Blunt,* 12 East. 183; *Lycoming F. Ins. Co.* v. *Rought,* 97 Pa. 415; *Hummel's App.,* 78 Pa. 293; *Washington Mut. F. Ins. Co.* v. *Rosenberger,* 84 Pa. 373; *Crawford County Mut. Ins. Co.* v. *Cochran,* 88 Pa. 230; *Pritchard* v. *Merchants & T. L. Assur. Soc.,* 3 C. B. N. S. 622; *Mutual Ben. L. Ins. Co.* v. *Ruse,* 8 Ga. 534; *Marvin* v. *Universal L. Ins. Co.,* 85 N. Y. 282; *Dean* v. *Aetna L. Ins. Co.,* 62 N. Y. 642; *Tennant* v. *Travelers' Ins. Co.,* 31 Fed. 322; *Church* v. *La. Fayette F. Ins. Co.,* 66 N. Y. 222; *New York L. Ins. Co.* v. *Eggleston,* 96 U. S. 572, 24 L. Ed. 841; *Phoenix Mut. L. Ins. Co.* v. *Dexter,* 106 U. S. 30, 27 L. Ed. 65; *Universal F. Ins. Co.* v. *Block,* 109 Pa. 535, 1 Cent. 554; *Lebanon Mut. F. Ins. Co.* v. *Humes,* 113 Pa. 591, Cent. 211; *Morgan* v. *Jacobs,* 90 Miss. 872; *Reisz* v. *Supreme Council,* 103 Wis. 432; *Beaty* v. *Mut. L. Assn.,* 93 Fed. 747.

*Cochran & McCants,* for appellee.

The sole question presented to the court for its determination by the record in this case is the question of

a waiver as to the time of the payment of the monthly assessments. The verdict of the jury eliminated all issues of fact, and we deem it wholly unnecessary to file any extended brief.

In addition to the authorities in the cases decided by our own court, which we will refer to later, the following authorities hold that in matters of collecting and remitting assessments and waiving of forfeitures, the secretary of the local lodge in the instant case was the agent of appellant. *Modern Woodmen* v. *Coleman*, 64 Neb. 162; *Supreme Lodge K. of P.* v. *Withers*, 177 U. S. 260; *Supreme Tribe of Ben Hur* v. *Hall*, 79 Am. St. Rep. 262; *Coverdale* v. *Royal Arcanum*, 193 Ill. 91; *Supreme Lodge K. of H.* v. *Davis*, 26 Col. 252; *Whiteside* v. *Supreme Conclave*, 88 Fed. 275; *Beil* v. *Supreme Lodge, K. of H.*, 80 N. Y. Supp. 751; *Grand Lodge, A. O. U. W.*, v. *Leachman*, 199 Ill. 140; *Couberen* v. *Ancient Order of Pyramids*, 98 Mo. App. 243; *Seehorn* v. *Supreme Council, C. K. of A.*, 95 Mo. App. 233; *McDonald* v. *Supreme Counsel, O. of C. F.*, 78 Cal. 49; *Modern Woodmen* v. *Jameson*, 48 Kan. 718.

"A stipulation in an insurance policy limiting the powers of its agents in respect to waivers of conditions and forfeitures is not a limitation of the power of the company to contract or to abrogate or to modify contracts or conditions intended for its exclusive benefit. It is nothing more nor less than a reservation for the benefit of the company which it may waive." Cooley's Briefs on Ins., p. 2506, and authorities cited.

"A waiver of the stipulation limiting an agent's authority need not be in express terms. The stipulation may be and often is waived by an habitual course of dealings which shows that it is not intended that the rule as written shall control but that the agent's real authority extends beyond that which is declared in the policy." Cooley's Briefs on Ins., p. 2507, and authorities cited.

"It is said that a stipulation limiting the authority of an agent has no application when the law declares a waiver by estoppel, because of the acts of the company through its agent. Such estoppels do not rest upon the power or lack of power of an agent to change the conditions of a policy or waive any of its agreements, but arise in law because of the acts of the company through its agents acting within the scope of his apparent power as its representative." Cooley's Briefs on Insurance, p. 2508, and authorities cited.

Counsel in their brief say: "The evidence indisputably shows that the secretary and treasurer of the Grand Lodge did not receive the past due April and May assessments.

We submit that there is nothing contained in the agreed statement of facts to justify this statement, because that was one of the questions necessarily involved in the finding of the jury under the instructions of the court. The jury must have found, as a matter of fact that it was the practice and the custom of the local lodge to waive the rule in reference to the time of the payment of the monthly assessments. The court will observe that according to the agreed statement of facts, the appellant admits that that was true, because it did not pretend to introduce any sort of evidence in rebuttal of the facts proven by appellee. *Murphy* v. *Order of the Sons and Daughters of Jacob of America,* 77 Miss. 830, and *Morgan* v. *the same defendant,* 90 Miss. 864, are conclusive of the question raised in this record.

Argued orally by *George Butler,* for appellant.

SMITH, J., delivered the opinion of the court.

Appellant is a mutual benefit association, organized with a system of grand and subordinate lodges. In April, 1905, appellant issued to Willis Smith, a member of its local lodge No. 3056, a benefit certificate by which

it agreed to pay at his death to Celia Smith, his wife, a sum of money not to exceed one thousand dollars, provided the certificate was then in force. The failure to pay the regular monthly assessment of one dollar on or before the 15th day of the month in which it became due *ipso facto* worked a forfeiture of the certificate. Willis Smith died on the 20th day of June, 1910, whereupon appellee, his widow and the beneficiary in the certificate, called upon the appellant for the payment of the amount of the policy. This being refused, she instituted this suit in the court below to collect it. To her declaration appellant pleaded the general issue, and set up by way of notice thereunder that Willis Smith failed to pay his assessments for April, May and June, 1910, and that consequently he thereby became suspended and the certificate forfeited. To this notice appellee replied that she would introduce evidence to prove "that it was the practice and custom of the secretary of lodge No. 3056 not to insist upon a literal compliance with the rules of the association in reference to the time of the payment of assessments due by its members, and that it was and is the custom and practice of the said secretary of said lodge to waive the time of payment of assessments by the deceased, Willis Smith, and the other members of said lodge, and accept double payments of assessments for two months after the expiration of one of said months, and that said practice of waiving the rule in reference to the time of the payments of the assessments was practiced and indulged by the secretary of said lodge and by said lodge at the time of the death of the said Willis Smith. The plaintiff will further introduce evidence to prove that the deceased, Willis Smith, on the —— day of May, 1910, paid to the local secretary of said lodge his dues for the months of April and May of said year, and the secretary accepted the payment of said dues for said months, and had not re-

turned the same to the said Willis Smith, or his repre-
sentatives, and that said Willis Smith departed this life
on or about the 20th day of June, 1910, and that shortly
after his death, and during the month of June of said
year, Will Smith tendered to the secretary of said lodge
the assessment of said Willis Smith for the said month
of June, which tender was by the secretary declined and
refused. The plaintiff will insist that the defendant
is estopped from setting up a literal compliance with
its rules in reference to the payment of assessments
by the deceased and its other members as a defense to
this action, and here and now tenders the defendant one
dollar, the assessment due by Willis Smith for the month
of June, 1910, if the defendant will accept the same.''

There was evidence introduced by appellee to prove
the matters set up in her reply to appellant's notice
under the general issue, but there was no evidence intro-
duced by her tending to show that this custom of the
local secretary was known to the appellant's general
officers, or that the assessments alleged to have been col-
lected by him for the months of April and May were by
him remitted to appellant's general secretary. On be-
half of appellant there was evidence in denial of all of
the matters set up in appellee's counter notice. There
was a verdict and judgment in favor of appellee.

Sections 8, 9, 10, and 11 of the constitution and by-
laws of appellant's order are as follows:

''8. Assessments.—Every member of 'the Odd Fel-
lows' Benefit Association shall be required to pay into
the office of the secretary and treasurer of the associa-
tion a regular monthly assessment of one dollar, for
each and every month, on the 1st day thereof.

''9. Forfeiture.—Any member of the Odd Fellows'
Benefit Association who fails to pay any regular monthly
assessment of one dollar as provided for in section 8, or
the annual tax as provided for in section 24, on or before

the 15th day of the month in which the same became due and payable, into the office of the secretary and treasurer, thereby and because of such failure *ipso facto* forfeits his membership in the association and becomes suspended from the association, cancels his policy, and at his death no benefit, as provided for in section 7 of the revised constitution and by-laws, can be paid.

"10.  Renewals.—When a member shall have become suspended from the Odd Fellows' Benefit Association as provided for in section 9 hereof, and who is in good health, may renew his membership in the association by making application as a new member, with medical certificate, surrendering his old policy and paying the sum of one dollar.  He shall receive a new policy, which shall be valid only after thirty days from the date of its issue.

"11.  Reinstatement.—Any member having been suspended from the Odd Fellows' Benefit Association not exceeding one month for failure to pay one assessment as required by section 8 of the by-laws and constitution, upon application for reinstatement, may be reinstated by the secretary and treasurer, if in good health and vouched for by the officers of the lodge, upon the payment of two dollars."

We will express no opinion as to the assured's right growing out of the alleged payment by him to the local secretary of his assessments for April and May; for, since it is admitted that his assessment for the month of June was not paid at all, and was not tendered to appellant until after his death, which occurred after the 15th of the month, his benefit certificate became thereby forfeited, and the peremptory instruction requested by appellant should have been given, unless it is estopped from pleading the assured's failure to pay this assessment when it became due by reason of the custom of the secretary of its local lodge to accept payment thereof at a later day.  There seems to be some conflict in

the decisions of the various courts which have had this matter under consideration; but a correct conclusion is easily reached, if we bear in mind certain elementary rules governing the relation of principal and agent.

These are: First, that the acts of an agent in excess of his real or apparent authority are not binding upon his principal; second, that limitations upon the authority of an agent, known to persons dealing with him, are binding upon such persons, and they can acquire no rights against the principal by dealing with the agent contrary thereto; and, third, in determining whether the limitations placed by the principal on his agent's authority have been waived by reason of a custom of the agent to act in violation thereof, one of the essential facts to be determined is whether or not such custom on the part of the agent was known to and acquiesced in by the principal.

The secretary of appellant's local lodge was its agent for the purpose of collecting the monthly assessments; his authority so to do being derived from, and limited by, appellant's constitution and by-laws with notice of which assured was charged, for the reason that they constituted a part of his contract. Any act of this local agent, therefore, in excess of the limitations upon his authority contained in the constitution and by-laws, is not binding upon appellant, unless it can be held to have waived such limitations by reason of the custom of its agent to act in violation thereof. There is no evidence whatever tending to show that any general officer of appellant had any sort of notice of this custom on the part of its agent, and, consequently, such a custom cannot be held to have been acquiesced in by appellant. There has been, therefore, no waiver by appellant of the provisions of sections 8, 9, 10, and 11 of its constitution and by-laws, and nothing done by it by which it is estopped from setting up assured's failure to

pay in avoidance of his certificate; and, consequently, the peremptory instruction requested by appellant should have been given.

We must not be understood as intimating that, had the custom pursued by the local secretary in collecting the assessments been known to and acquiesced in by appellant's general officers, it would thereby have been estopped from pleading the assured's failure to pay his assessment for the month of June on or before the 15th day thereof in avoidance of his certificate, for this question does not arise on this record, since there was no evidence of any such knowledge and acquiescence on the part of appellant's general officers.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*