## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 96-CA-01119-SCT

*LUMBERMAN'S UNDERWRITING ALLIANCE AND NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY*

*v.*

*CITY OF ROSEDALE, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/96 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | PAUL L. GOODMAN |
| | STEPHEN M. HALBEISEN |
| ATTORNEYS FOR APPELLEE: | FORREST W. STRINGFELLOW |
| | ARTHUR S. JOHNSTON, III |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 12/31/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/3/99 |

**BEFORE PITTMAN, P.J., BANKS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. This case is an appeal from the Order of the Circuit Court in Bolivar County, Mississippi, granting summary Judgment in favor of the City of Rosedale. On August 30, 1993, a fire occurred which damaged the Piggly Wiggly supermarket and Bill's Dollar Store located in Rosedale, Mississippi. Northbrook Property and Casualty Insurance Company provided property insurance for Piggly Wiggly. Lumberman's Underwriting Alliance provided property insurance for Bill's Dollar Store. Accordingly, Lumberman's and Northbrook are subrogated to the interests of Bill's Dollar Store and Piggly Wiggly, respectively. Lumberman's and Northbrook separately filed complaints alleging negligence on the part of the City of Rosedale concerning the water supply necessary to fight the fire.

¶2. Aggrieved by the judge's grant of summary Judgment in favor of the City of Rosedale, Lumberman's and Northbrook assign the following as error:

**I. THE TRIAL COURT ERRED IN FAILING TO EXAMINE WHETHER ZOLA LEE CHERRY HAD APPARENT AUTHORITY TO BIND THE CITY OF ROSEDALE IN TURNING OFF THE WATER SUPPLY TO THE BUILDING'S SPRINKLER SYSTEM.**

**II. ZOLA LEE CHERRY WAS PERFORMING A PROPRIETARY FUNCTION, WHICH IS NOT SUBJECT TO MUNICIPAL TORT IMMUNITY UNDER MISSISSIPPI LAW, WHEN HE TURNED OFF THE WATER SUPPLY TO THE PIGGLY WIGGLY AND BILL'S SPRINKLER SYSTEM.**

**III. THE AMENDED COMPLAINTS SUFFICIENTLY SET FORTH CLAIMS THAT CREATE A JURY ISSUE AS TO WHETHER ZOLA LEE CHERRY ACTED IN WANTON OR RECKLESS DISREGARD FOR THE PROPERTY OF BILL'S AND PIGGLY WIGGLY AND AS TO WHETHER CHERRY ACTED WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH THE CITY OF ROSEDALE.**

After a careful examination and consideration of the record, briefs and oral argument in this matter, this Court finds that Lumberman's and Northbrook have not demonstrated that there exists a genuine issue of fact and, therefore, affirms the trial judge's grant of summary judgment.

I.

¶3. On August 30, 1993, a fire of unknown origin occurred at the premises occupied by Bill's Dollar Store ("Bills") located in Rosedale, Mississippi. The fire subsequently spread to the adjacent space occupied by a Piggly Wiggly supermarket ("Piggly Wiggly"). The building structure was owned by Michael's Enterprises ("MEI") and was leased to the two aforementioned tenants. The fire destroyed the building's structure, as well as property of Bill's and Piggly Wiggly.

¶4. At some time prior to the fire, a water line was leaking due to a burst pipe and was causing water to back up in the rear of Piggly Wiggly, thereby preventing trucks from making necessary deliveries. At the request of a private individual (either MEI or the Piggly Wiggly manager), Zola Cherry ("Cherry"), City of Rosedale employee, turned off the water line that was leaking. The water line in question supplied water to the stores' sprinkler system.

¶5. Northbrook Property and Casualty Company ("Northbrook") insured Piggly Wiggly and paid Piggly Wiggly $1,347,427.56, less the $5,000 deductible applied to Piggly Wiggly's claim. Lumberman's Underwriting Alliance ("Lumberman's") insured Bill's and likewise made certain payments pursuant to its policy with Bill's.

¶6. Both Northbrook and Lumberman's (collectively "insurers") became subrogated to the rights of Piggly Wiggly and Bill's respectively, and each filed a complaint against the City of Rosedale ("City") on November 22, 1994. Northbrook's complaint primarily alleges negligence with respect to the City's supply, maintenance, inspection, and repair of its fire hydrants and its supply of water for fire fighting purposes. Lumberman's complaint similarly focused upon the water supply and pressure to the water hydrants. In addition to its allegations concerning the City's negligence, Lumberman's also sued MEI, asserting that an agent of MEI, or someone acting at MEI direction, caused the water supply to be cut off to a water line which supplied the water sprinklers for both Piggly Wiggly and Bill's.

¶7. The City answered both lawsuits, asserting the affirmative defense of sovereign immunity afforded under

Miss. Code Ann. 11-46-1 *et.seq*. On January 16, 1996, after written discovery had been propounded and responded to, the City filed a motion to dismiss, or alternatively, for partial summary judgments. In support of its motion, the City filed the affidavit of Zola Cherry in which he testified that his actions in turning off the line supplying water to Bill's and Piggly Wiggly, which he asserted was not owned by the City, was done at the request of the Piggly Wiggly manager and was not at the direction of the City; and, that in so doing, he was not acting as a city employee. Northbrook and Lumberman's filed responses in opposition to the motion to dismiss or for summary Judgment on February 20, 1996.

¶8. Also on February 20, 1996, Northbrook and Lumberman's filed motions to amend their complaints, along with a motion to consolidate. The proposed amended complaints were made a part of this record for appeal. The amended complaints alleged that the City shut off the water line which supplied water to the sprinkler system to the building occupied by Piggly Wiggly. The complaints asserted that the City shut off this line pursuant to the request of MEI, owner of said building, and the insurers claim that the City was aware or should have been aware that shutting off the water line to the premises kept the building's fire sprinkler system from operating. The City filed its response in opposition to the insurers' motions to amend their complaints on March 6, 1996.

¶9. In response to the judge's order (dated June 6, 1996 and filed on June 10), and in support of its motion to dismiss or for summary judgment, the City filed its itemization of facts on June 17, 1996. The insurers filed their response to the City's itemization of facts on June 26, 1996, and, at the same time, filed the affidavit of Roger Derrick Simpson, the manager of Piggly Wiggly, in which, in direct contrast to Cherry, he testified that he did not instruct Cherry to turn off the line supplying the sprinkler system and that his impression was that Cherry presented himself as an employee of the City.

¶10. On September 24, 1996, the trial judge entered an order granting the City's motion for summary Judgment. The trial judge stated that "[t]hough the court has not issued an order granting the plaintiff's motion to amend, the court will consider the defendant's motion for summary judgment as if such amendments were allowed." The trial judge, in his grant of summary judgment in favor of the City, stated that

> the City has complete immunity for its actions concerning the water supply of the fire hydrant's under § 11-46-3 and § 11-46-9. Another allegation involves the City's responsibility for its employee's turning off the sprinkler water system line. The City has provided an affidavit showing that the employee acted on his own time at the request of a private citizen and turned off a private water line supplying the water line supplying the sprinkler system. The affidavit also provides that the water line is connected to a Port water line, not a City water line. This means that the City's only connection is that an off-duty employee did the work, and this is not enough to make the City liable. The plaintiff's while denying that these statements are true, offer no evidence or affidavits relating specific facts in order to make this a genuine issue for trial as Rule 56 requires. Rule 56 (e) provides that summary judgment shall be entered if a party responds to a motion with mere allegations or denials. That is the situation in this case.

## II.

¶11. This Court recently set forth the standard of review for summary judgment in *Aetna Casualty & Surety Co. v. Berry*, 669 So.2d 56 (Miss. 1996). In *Berry*, this Court stated:

The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to a judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.

*Id.* (*quoting* **Mantachie Natural Gas v. Mississippi Valley Gas Co.**, 594 So.2d 1170, 1172 (Miss. 1992); *see also* **Caldwell v. Alfa Ins. Co.**, 686 So.2d 1092, 1095 (Miss. 1996).

¶12. Moreover, a motion for summary judgment should be denied unless the trial court finds beyond any reasonable doubt that the plaintiff would be unable to prove any facts to support his/her claim. **Yowell v. James Harkins Builder, Inc.**, 645 So.2d 1340, 1343 (Miss. 1994); **Fadden v. State**, 580 So.2d 1210 (Miss. 1991). The trial court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. **Yowell**, 645 So.2d at 1343-44; **Brown v. Credit Ctr., Inc.**, 444 So.2d 358, 362 (Miss. 1983).

¶13. In considering a motion for summary judgment, the trial court must view all the evidence (admissions in pleadings, depositions, affidavits, answers to interrogatories, etc.) in the light most favorable to the non-moving party; and, upon this consideration, if the moving party is entitled to judgment as a matter of law, the motion should be granted; otherwise, it should be denied. **Sanford v. Federated Guar. Ins. Co.**, 522 So.2d 214 (Miss. 1988); **Southern Farm Bureau Cas. Ins. Co. v. Brewer**, 507 So.2d 369, 370 (Miss. 1987); **Brown**, 444 So.2d at 363.

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

**Brown**, 444 So. 2d at 364 ( *quoting* Miss. Rule C. P. 56(e)).

III.

**I. THE TRIAL COURT ERRED IN FAILING TO EXAMINE WHETHER ZOLA LEE CHERRY HAD APPARENT AUTHORITY TO BIND THE CITY OF ROSEDALE IN TURNING OFF THE WATER SUPPLY TO THE BUILDING'S SPRINKLER SYSTEM.**

**II. ZOLA LEE CHERRY WAS PERFORMING A PROPRIETARY FUNCTION, WHICH IS NOT SUBJECT TO MUNICIPAL TORT IMMUNITY UNDER MISSISSIPPI LAW, WHEN HE TURNED OFF THE WATER SUPPLY TO THE PIGGLY WIGGLY AND BILL'S SPRINKLER SYSTEM.**

**III. THE AMENDED COMPLAINTS SUFFICIENTLY SET FORTH CLAIMS THAT**

**CREATE A JURY ISSUE AS TO WHETHER ZOLA LEE CHERRY ACTED IN WANTON OR RECKLESS DISREGARD FOR THE PROPERTY OF BILL'S AND PIGGLY WIGGLY AND AS TO WHETHER CHERRY ACTED WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH THE CITY OF ROSEDALE.**

¶14. The parties in this matter have spent uncounted pages arguing the finer points of the law with reference to apparent authority and sovereign immunity. However, upon an examination of the record, this Court finds that this case can be resolved on the basis of several facts found in the record, which, under the above stated standard of review we must view with favor to the non-moving party, the insurers.

¶15. First, according to Simpson's affidavit, he advised the City regarding the leak and the City informed him that the leak was the owner of the building's problem. Second, the record shows that Cherry turned off the water supply to the sprinkler system at the request of a third party, either the landlord, MEI, or Simpson. Third, Cherry had previously done work on that line, independently and on his own time for MEI. Cherry was paid for that work by MEI. Fourth, the water line at issue was a private line; the City did not own the line or supply water to the line.

¶16. The combined effect of these facts is fourfold. First, Simpson's awareness of the City's stance in this matter and the previous work done by Cherry terminates any apparent authority argument as to Cherry because parties are deemed to have sufficient notice of termination of an agent's authority if they have enough facts in their possession to put them on inquiry. *See Odd Fellows' Benefit Ass'n v. Smith*, 101 Miss 332, 340, 58 So. 100, 101 (1912)(holding that "limitations upon the authority of an agent, known to persons dealing with him, are binding upon such persons"); *Consumers Credit Corp. of Mississippi v. Swilley*, 243 Miss. 838, 138 So.2d 885, 889 (1962)(noting third party's obligation to make inquiry). Simpson's awareness of the City's refusal to have anything to do with the water supply indicates that he was cognizant that any actions done by Cherry with reference to the water line were independent of the City's instructions. As to Lattimore Michael, of MEI, the prior work done by Cherry for him on that water line puts him, at the very least, on notice of inquiry as to Cherry's apparent authority.

¶17. Second, the City was aware of the water line leak and had not instructed Cherry to work on the line; in fact, this statement indicates quite the opposite -- the City's outright refusal to accept responsibility for the private water line. The stance of the City was clear -- we do not own the line and we do not supply water to the line; therefore any repair on or responsibility for that water line is the landlord's.

¶18. Third, while there may be a question as to who requested Cherry to turn off the water, such is not an issue that goes to the core of the matter, as the record clearly indicates that the request came either from Simpson or the landlord, MEI. The insurers' amended complaints allege that an agent of City turned off the water, but do not allege that Cherry was instructed by the City to turn off the water. Such assertions, however, are unsupported and, pursuant to our standard of review on summary judgment, do not warrant reversal of the grant of summary judgment. *See Brown*, 444 So. 2d at 364 ( *quoting* Miss. Rule C. P. 56(e)) ("an adverse party may not rest upon the mere allegations or denials of his pleadings").

¶19. Fourth, the facts in the record do not give rise to any liability on the part of the City. "The elements of proof required to support a claim for damages for negligence are a duty, a breach of that duty, damages, and proximate cause." *Rolison v. City of Meridian*, 691 So. 2d 440, 444 (Miss. 1997);(*citing Grisham v. John Q. Long V.F.W. Post, No. 4057*, **Inc**., 519 So.2d 413 (Miss.1988); *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So.2d 1186 (Miss.1994)). The City did not own the water line

and had no commitment to maintain it. The City did not instruct Cherry to turn off the water line. On this basis the City clearly had no duty to Piggly Wiggly, Bill's, or MEI with reference to the water line; and, as the City was not a part of any action with reference to this water line, no causation exists. As to any assertion of reckless disregard, Cherry was outside the scope of his duties, clearly shown by the third party request and his affidavit testimony that he was on his lunch hour; and, his behavior does not rise to the level of reckless disregard, especially when the act which is supposedly done with reckless disregard is conducted at the request of a third party. On this basis, the doctrine of sovereign immunity is not reached.

¶20. On the whole, the City was not an actor in any event giving rise to the damages suffered by Piggly Wiggly and Bill's due to the August 30, 1993, fire. The City did not own the line and did not supply water to the water line at the center of this controversy. As such the City had no liability for the damages suffered as a result of the fire. The insurers' assignments of error are without merit.

IV.

¶21. The insurers have failed in their obligation of showing that a genuine issue of fact exists. As such the issues raised are without merit.

¶22. **AFFIRMED.**


**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**


**McRAE, JUSTICE, DISSENTING:**


¶23. I disagree with the majority's affirmation of the circuit court's grant of summary judgment in favor of the City of Rosedale, which appears to be based to a great extent on its own resolution of the questions of fact raised by the parties in their pleadings. The insurance companies involved should be afforded the same rights and opportunity to be heard as any individual or citizen of this State. Between December, 1982, subsequent to this Court's decision in *Pruett v. City of Rosedale,* 421 So. 2d 1046 (Miss. 1982), and October 1, 1993, when the waiver of sovereign immunity was effective, the City of Rosedale was not protected by sovereign immunity. This Court's finding in *Pruett* that the town did not enjoy sovereign immunity has never been abrogated in any subsequent decisions of this Court. Moreover, because there exist several questions of material fact about the August 30, 1993, critical to a determination of the rights and responsibilities of the parties, which should have been put before a jury, the case should be reversed and remanded for a trial on the merits. Accordingly, I dissent.

¶24. "All motions for summary judgment should be viewed with great skepticism and if the trial court is to err, it is better to err on the side of denying the motion." *Daniels v. GNB, Inc.*, 629 So. 2d 595, 599 (Miss. 1993)(quoting Mink v. Andrew Jackson Cas. Ins. Co., 537 So. 2d 431, 433 (Miss. 1988)) "A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule

56 motion; it may only determine whether there are issues to be tried." Comment, Rule 56. If a fact issue "tends to resolve any of the issues properly raised by the parties," then that fact issue is "material." ***Grisham v. John Q. Long V.F.W. Post No. 4057, Inc.***, 519 So. 2d 413, 415-16 (Miss. 1988). "A motion for summary judgment must be denied where there are still questions remaining regarding material facts. Summary judgment is not intended to decide issues of fact, but serves only to decide whether an issue of fact exists". ***Spartan Foods Sys., Inc. v. American Nat'l Ins. Co.***, 582 So. 2d 399, 402 (Miss. 1991).

¶25. In reviewing the grant or denial of summary judgment, we determine only whether there are issues to be tried. ***Heritage Cablevision v. New Albany Elec. Power Sys.***, 646 So. 2d 1305, 1309 (Miss. 1994). We review de novo the record on appeal from a grant of a motion of summary judgment. ***Short v. Columbus Rubber & Gasket Co.,*** 535 So. 2d 61, 63 (Miss. 1988). This Court reviews all the evidentiary matters in a light most favorable to the nonmoving party, and if, in this view, the moving party is entitled to judgment as a matter of law, summary judgment in his favor is appropriate. ***Palmer v. Biloxi Reg'l Med. Ctr., Inc.***, 564 So. 2d 1346, 1355 (Miss. 1990). The burden of showing that no genuine issue of fact exists is on the moving party. "All that is required of a nonmoving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under [Miss. R. Civ. P. 56(c)]." ***Spartan Foods***, 582 So. 2d at 402; ***Lyle v. Mladinich,*** 584 So. 2d 397, 398 (Miss. 1991). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed." ***Richmond v. Benchmark Constr. Corp.***, 692 So. 2d 60, 61 (Miss. 1997) (citing ***Brown v. Credit Ctr., Inc.***, 444 So. 2d 358, 362 (Miss. 1984)).

¶26. The issue is whether the insurance companies, which provided coverage to the businesses destroyed in a 1993 fire, have sustained their burdens of showing that there exist genuine issues of material fact as to whether the City of Rosedale was negligent in maintaining its water supply, especially with regard to the authority of its employee, Zola Lee Cherry, to turn off a water line either in his employee or private capacity. They have met that burden. It is up to a jury, therefore, and not this Court, to make a determination of whether the facts in the record give rise to any liability on the part of the City.

¶27. The City also was granted summary judgment on the basis of sovereign immunity with regard to the insurers' claim that it was negligent in its supply, maintenance, repair and inspection of its fire hydrants and water supply for fighting fires. This Court's finding in ***Pruett,*** 421 So. 2d at 1051-52, that the town did not enjoy sovereign immunity has never been abrogated in any subsequent decisions of this Court. Thus, for nearly eleven years, the City of Rosedale, unlike other political subdivisions of the State, did not enjoy the protection of sovereign immunity. Further, the fire occurred on August 30, 1993, prior to the October 1, 1993 effective date of the waiver of sovereign immunity provided for political subdivisions pursuant to Miss. Code Ann. § 11-46-5 (1992). Until that time, we were governed by this Court's prospective decision in ***Presley v. Mississippi State Highway Commission***, 608 So. 2d 1288 (Miss. 1992), which found that the Legislature's pronouncement in Miss. Code Ann. § 11-46-6 (repealed effective September 16, 1992), freezing case law on sovereign immunity to where it was on November 10, 1982, was unconstitutional.

¶28. Ever mindful that it is better to err on the side of not granting a motion for summary judgment, I would find that the insurance companies met their burdens of showing that there existed questions of material fact which should have been presented to a jury for determination. The majority, further, in attempting to resolve these issues, rather than limiting itself to determining whether such issues existed, has exceeded its standard of review. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**