582 So.2d 399 (1991)
SPARTAN FOODS SYSTEMS, INC.
v.
AMERICAN NATIONAL INSURANCE COMPANY.
No. 07-CA-59465.
Supreme Court of Mississippi.
June 5, 1991.
*400 Cathy H. Jacobs, Denton, Tyler & Jacobs, Clyde H. Gunn, III, Corban & Gunn, Biloxi, for appellant.
John M. Harral, White & Morse, Gulfport, for appellee.
Before DAN M. LEE, P.J., and PRATHER and McRAE, JJ.
PRATHER, Justice, for the Court:
This appeal challenges an entry of summary judgment in the Circuit Court of the Second Judicial District of Harrison County, in a dispute over the interpretation of a contract provision. After examining all of the evidentiary matters of this case and giving the benefit of any doubt to the nonmoving party, a genuine issue of material fact exists as to the correct interpretation of the contract provision, precluding the entry of summary judgment. This case is reversed and remanded for trial.

I.
By a lease dated June 13, 1974, American National Insurance Company (American), a Texas corporation qualified to do business in Mississippi, leased to Spartan Food Systems, Inc. (Spartan), a South Carolina corporation qualified to do business in Mississippi, a plot of land located in Biloxi, Harrison County, Mississippi. The lease was for a primary term of twenty (20) years. The rental provision of the lease stated:
4. Rentals. The tenant agrees hereby to pay the Landlord as rental for the leased premises during the lease term an annual rental of Eight Thousand One Hundred Ninety Dollars ($8,190.00), payable at the rate of Six Hundred Eighty Two and 50/100 Dollars ($682.50) a month. The rental payments which are to be made each month shall be paid in advance on or before the tenth day of each month during the lease term.
Provided however, at the end of the fifth (5th) year of the term of the lease and every subsequent fifth (5th) year of the term of the lease, including the renewal terms if the option to renew is exercised as herein provided for, the annual rental to be paid hereunder shall be increased if the revised Consumers Index  Cities (1957-59 = 100), (hereinafter called The Cost of Living Index) published by the Bureau of Labor Statistics of the United States Department of Labor effective for sixtieth (60th) month of the lease term results in a dollar amount greater than Eight Thousand One Hundred Ninety Dollars ($8,190.00) computed under the following formula:

*401 Cost of Living Index for the 60th[1] month of the lease ____.
Cost of Living Index for the 1st month of the lease ____.
Net difference in points ____.
$8,190.00 multiplied by the net difference in points as a percentage factor equals additional amount to be added to the rental rate of $8,190.00.
In December of 1979, the end of the first five year period of the lease term, the rent increase was calculated by Gloria Lyons, assistant manager of Edgewater Plaza, and the rent was increased to $15,110.55 annual rent, with the monthly rent being $1,259.21. The calculations were based on the cost of living index for 1974 as 177.9, subtracted from the index for October 1979, of 262.4. The net difference in points was 84.5. The conversion from net difference to a percentage factor was made by moving the decimal two places to the left (.845). This was multiplied by $8,190.00 to give an increase of $6,920.55. Spartan received notice of the increase by letter and proceeded to pay the increase for the next five years.
In September of 1984, the end of the second five year period, Spartan received a letter giving notice of the second rent increase. The second increase employed the same method of calculation that was utilized in the first increase. Louis P. Howell, Senior Vice-President and General Counsel of Spartan Food Systems, Inc., and also one of the drafters of the lease, reviewed the letter and determined that the calculation of the increase in 1974 was a mistake and in error. Spartan wrote to Lyons, in a letter dated October 1, 1984, informing her that she did not calculate the net difference as a percentage factor and that the 60th month of the lease was in September of 1979, rather than October of 1979, making the index used incorrect.
According to Howell, the correct cost of living index, calculated for September of 1979, was 260.1, making the net difference 82.2 (260.1 - 177.9 = 82.2). It was asserted that Lyons erred in transforming the net difference to a percentage factor. More was required to obtain a percentage factor than simply moving the decimal two places. According to Howell, the correct percentage factor was 46.2% (82.2 divided by 177.9 equals.462). Multiplying this percentage factor by $8,190.00 gives an increase of $3,783.78 (.462 X $8,190.00 = $3,783.78). Spartan contends that the rent for the period of 1979-1984 should have been $59,868.90. The actual amount paid was $75,552.60. The resulting overpayment was $15,683.70 ($75,552.60 - $59,868.90 = $15,683.70).
The parties could not resolve their differences as to which was the proper method of calculation. Spartan began withholding its rent payments to recoup what it felt it had overpaid due to American's miscalculations. On October 14, 1985, American filed a complaint asserting that Spartan owed back rent, and requesting a declaratory judgment on the interpretation of Section 4 of the lease agreement.
After a measure of discovery, American filed a motion for summary judgment, relying on the pleadings and the sworn affidavit of Lyons, which asserts that American's calculation of the rent was "fair and equitable rent for the premises." Spartan filed a memorandum in opposition to American's motion for summary judgment, asserting that a genuine issue of material fact existed as to the proper application of Section 4 of the lease agreement. The memorandum also contained an affidavit of Howell, which stated that "the net difference in points is not a percentage, it is a percentage factor."
The trial court granted American's motion for summary judgment, by an order dated September 18, 1987. Spartan filed a motion for reconsideration on the basis that Section 4 of the lease was a material issue of fact to be determined by a jury. The motion was denied. Final judgment was entered, ordering that Spartan pay American $40,548.70 for past-due rent through June 1988, and pre-judgment interest in the amount of $3,859.00.
*402 Spartan appeals, asserting (1) that the trial court applied the wrong legal standard and erred in granting summary judgment, because American's proof in support of its motion was insufficient to justify summary judgment in its favor; and (2) that the trial court erred in awarding prejudgment interest to American. American cross-appealed, asserting that the trial court's award of prejudgment interest was inadequate.

II.
Summary judgment may be appropriately entered by a trial court "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All that is required of a nonmoving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under the rule. Miss.R. Civ.P. 56(c); Galloway v. Travelers Insurance Co., 515 So.2d 678, 682 (Miss. 1987).
In determining whether the entry of summary judgment by the trial court was appropriate, this Court reviews the grant of summary judgment de novo. The evidentiary matters  admissions in pleadings, answers to interrogatories, depositions, affidavits  are viewed in the light most favorable to the nonmoving party, as he is given the benefit of every reasonable doubt. If after this examination, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, then summary judgment is affirmed. If after examining the evidentiary matters there is a genuine issue of material fact, then the grant of summary judgment is reversed. Newell v. Hinton, 556 So.2d 1037, 1041 (Miss. 1990); Allison v. State Farm Fire & Casualty Co., 543 So.2d 661 (Miss. 1989); Short v. Columbus Rubber and Gasket Co., 535 So.2d 61 (Miss. 1988); Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
In Newman v. Newman, 558 So.2d 821 (Miss. 1990), this Court reiterated that:
"A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried." Comment, Rule 56. If a fact issue "tends to resolve any of the issues properly raised by the parties," then that fact issue is "material." Grisham v. John O. Long V.F.W. Post, 519 So.2d 413, 415-16 (Miss. 1988).
Newman, 558 So.2d at 820.
American and Spartan attach two different interpretations to the lease provision. Examining the evidentiary matters de novo, it is not clear whether American's method of transforming the net difference in points into a percentage factor or Spartan's method is correct. This is a material issue, as it goes directly to determining the amount of rent owed by Spartan.
American asserts that the net difference is transformed into a percentage factor by simply moving the decimal point to the left two digits. In rebuttal, Spartan asserts that American's method is wrong and that the net difference in points must be divided by the cost of living index for the first month of the lease term to obtain the percentage factor. The evidentiary matters of American do not establish that no genuine issue of material fact existed. The opinion of Dr. William M. Shenkel, as to the interpretation of net leases, as set out in the article attached to the answer to interrogatories, establishes that there exists a genuine issue of material fact as to which is the proper method of transforming the net difference in points to a percentage factor.
A motion for summary judgment must be denied where there are still questions remaining regarding material facts. Summary judgment is not intended to decide issues of fact, but serves only to decide whether an issue of fact exists. This case is reversed and remanded. The issue of which party has the correct method of determining the percentage factor precludes the entry of summary judgment.
REVERSED AND REMANDED.
*403 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The cost of living index to be inserted here would correspond to the month of calculation, such as the 120th month, 180th month, 240th month, or 300th month of the lease term.