## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 95-CA-00014-SCT

*LINDA BREWTON, BURNELL GILES, LEONA LYNN CARROLL, RENE HELVESTON, BETH MITCHELL, BONNIE JEAN MCCRAW, HOWARD EARL POLK, JR., REBECCA WELLS, RICKY SCARBOROUGH AND DONALD WAYNE WILLIAMSON*

*v.*

*REICHHOLD CHEMICALS, INC. AND LESLIE ALEXANDER*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/06/94 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | HELEN E. SWARTZFAGER |
| ATTORNEYS FOR APPELLEES: | MICHAEL G. CROW |
| | RICHARD F. YARBOROUGH, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | AFFIRMED - 02/05/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/18/98 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This toxic tort action was brought in the circuit court of Marion County on July 2, 1993. Originally, one hundred and three plaintiffs sought damages from Reichhold Chemicals, Inc and Leslie Alexander, a former employee of Reichhold. The trial court selected fourteen plaintiffs to pursue their claims. Among these plaintiffs, two decided not to proceed to trial on the merits and two more were dismissed. The ten remaining plaintiffs proceeded to trial.

¶2. On June 29, 1994, the defendants filed a Motion for Summary Judgement as to all claims of the plaintiffs. In response, the plaintiffs confessed judgement as to their claims for property diminution. Additionally, the plaintiffs admitted the existence of no medical testimony establishing a causal link

between their alleged physical injuries and exposure to Reichhold chemicals. The trial court, therefore, dismissed with prejudice the property diminution and physical injury claims of the remaining plaintiffs. Thus, the plaintiffs' claims were reduced to only emotional distress and fear of contracting a future illness. The trial court granted the motion for summary judgement on these claims on July 26, 1994.

## DISCUSSION

## I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT.

¶3. Upon considering the motion for summary judgment, the trial court was presented with the following uncontested facts:

1. None of the plaintiffs underwent medical testing to determine the presence of chemicals from the Reichhold site in his or her body.

2. No tests to determine contamination were performed on any of the plaintiffs' property or on the offsite locations where Reichhold allegedly disposed of chemicals.

3. The plaintiffs' own expert witness, Dr. Arthur Hume, testified that there are tests and air modeling which could have been performed to detect the presence of some of the chemicals within the plaintiffs' bodies.

4. Dr. Hume had no knowledge of any alleged improper disposal of chemicals and offered no opinion on potential exposure to chemicals from the offsite locations.

5. Dr. Hume admitted that he had no data to render an opinion on whether any of the plaintiffs were exposed to anything adverse from a 1977 fire at the plant.

6. Dr. Hume also admitted that the plaintiffs' attorneys told him that the plaintiffs had been exposed to chemicals from the site and that he relied only upon the information furnished to him by the plaintiffs' attorneys to form his opinion.

7. Not one of the 103 original plaintiffs had any proof of actual, present damages.

¶4. As to the law, it is clear that Mississippi does not recognize a cause of action for fear of possibly contracting a disease at some point in the future. *See* **Beech v. Leaf River Forest Products, Inc.**, 691 So. 2d 446, 451 (Miss. 1997); *See also* **Leaf River Forest Products, Inc. v. Ferguson**, 662 So. 2d 648, 658 (Miss. 1995). Nevertheless, in this case there is no "substantial proof of exposure and medical evidence" that indicates the plaintiffs may contract any disease at any point in time in the future. *See* **Ferguson**, *supra,* at 658. Therefore, summary judgment was entirely proper based upon the facts presented to the trial judge.

¶5. We recently dealt with the issue of the proof necessary to support a summary judgment in **Travis v. Stewart**, 680 So. 2d 214 (Miss. 1996). We stated that ". . . bare assertions are simply not enough to avoid summary judgment. The non-movant may not rest upon allegations or denials in his pleadings." **Travis,** 680 So.2d at 218. In order for there to be genuine issues of material fact, the

affidavits and other evidence must be sworn, made upon personal knowledge, and show that the party providing the factual evidence is competent to testify. *Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So. 2d 182, 186 (Miss. 1989).

¶6. The flashpoint in this controversy was reached when this matter was properly put before the trial court below at the summary judgment hearing. Since the plaintiffs below wholly failed to provide the trial court with adequate sworn proof to support their claims, summary judgment was appropriate.

¶7. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶8. I dissent. Even though the plaintiffs in a toxic tort case are required to show exposure in order to recover for emotional distress based on fear of contamination, the trial judge here erred in granting summary judgment for the appellees, Reichhold Chemicals and Leslie Alexander. The appellants here produced sufficient proof to overcome summary judgment.

**I.**

¶9. Reichhold Chemicals, Inc., owned and operated a chemical manufacturing facility on an 81-acre tract of land in Columbia, Mississippi from mid-1974 until an explosion occurred in 1977, causing the plant to catch fire. Defendant Leslie Alexander was plant manager of the Columbia facility during a portion of that time. After the 1977 fire, the plant ceased manufacturing operations.

¶10. The site in question is located in the middle of the town of Columbia and is adjacent to residential lots, homes and properties of the residents of Columbia. Reichhold admits that during the time it owned and operated the site, it buried barrels of chemicals on the site. In 1984, the Environmental Protection Agency (EPA) designated the Reichhold site a Superfund site and listed it for cleanup. About 170 different chemicals had been identified on the site at one time by the EPA, and about thirty different carcinogens were also found.

¶11. The plaintiffs contended that they were exposed to chemicals buried on the Reichhold site, which were allegedly disposed of at various offsite locations. Some claimed exposure from the fire and explosion in 1977. The plaintiffs also claimed that as a result of the alleged exposure, they suffered fear of future disease and emotional distress.

¶12. The ten plaintiffs selected for trial alleged that they were either exposed to chemicals buried on the Reichhold site, disposed of at offsite locations, or dispersed by the 1977 fire or that they were at an "increased risk of exposure" to those chemicals and have suffered fear of future disease and emotional distress as a result. However, none of the plaintiffs underwent medical testing to determine the presence of chemicals from the Reichhold site in his or her body. Further, no tests were performed on any of the plaintiffs' property or on the offsite locations where Reichhold allegedly disposed of chemicals.

¶13. On June 29, 1994, the defendants moved for summary judgment, alleging that the plaintiffs did not have any proof of exposure to chemicals from the Reichhold site or proof that exposure to those chemicals caused any injuries, thus precluding their recovery. On July 26, 1994, the trial judge conducted a hearing on the defendants' motion, with plaintiffs' expert toxicologist, Dr. Arthur Hume, providing testimony. Hume testified that there are tests and air modeling which could have been performed to detect the presence of some of the chemicals within the plaintiffs' bodies. Nevertheless, some of the chemicals do not remain in the body long enough for a test to acknowledge their presence. Hume stated that certain dioxins and polyaromatic hydrocarbons, if the plaintiffs had been exposed to them, could show up in tissue samples tested at the time of the hearing even if the plaintiffs had been exposed many years before. Hume also testified that the test was sophisticated and would cost approximately $500 to $1000 per test.

¶14. Additionally, Hume testified that those plaintiffs who lived adjacent to the site and those plaintiffs who had actually been physically present on the site were at increased risk of exposure to chemicals from the site and that their fears would be reasonable. Of the ten plaintiffs against whom the defendants brought the motion for summary judgment, only two alleged to have been physically present on the Reichhold site.

¶15. Regarding the plaintiffs' claims of exposure to chemicals allegedly disposed of offsite, Hume had no knowledge of such alleged disposal and offered the trial judge no opinion on potential exposure to chemicals from those locations. As to some plaintiffs' claims of exposure from the 1977 fire, Hume admitted that he had no data to render an opinion on whether any of the plaintiffs were exposed to anything from the fire. Hume presented no objective data regarding individual plaintiffs' exposure. Hume also admitted that the plaintiffs' attorneys told him that the plaintiffs had been exposed to chemicals from the site and that he relied on that information to form his opinions.

¶16. The trial judge, at the conclusion of the summary judgment hearing, found the defendants' motion to be well taken and granted them summary judgment against the plaintiffs' claims for mental and emotional distress and fear of future illness.

II.

¶17. In reviewing the grant or denial of summary judgment, this Court determines only whether there are issues to be tried. *Spartan Foods Sys., Inc. v. American Nat'l Ins. Co.*, 582 So. 2d 399, 402 (Miss.1991). In making this determination, this Court conducts a *de novo* review. *Mantachie Natural Gas Dist. v. Mississippi Valley Gas Co.*, 594 So. 2d 1170, 1172 (Miss. 1992). This Court reviews all the evidentiary matters in a light most favorable to the nonmoving party, and if, in this view, the moving party is entitled to judgment as a matter of law, summary judgment in his favor is appropriate. *Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 762 (Miss.1989). The burden of showing that no genuine issue of fact exists is on the moving party. *Id.* "All that is required of a nonmoving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under Miss. R. Civ. P. 56(c)." *Spartan Foods*, 582 So. 2d at 402.

¶18. The trial judge below determined that, as a prerequisite to recovery, the plaintiffs had to show that they had been exposed to harmful chemicals from the Reichhold site. The judge further

determined that the mere presence of the plaintiffs with the defendants' chemicals at the same time and place was insufficient to establish actual exposure. The judge concluded that the plaintiffs did not present sufficient proof of exposure to withstand summary judgment.

¶19. The majority correctly notes that the appellants' argument that potential for exposure to toxins is sufficient to maintain their claims for fear of exposure and emotional distress must fail under *Leaf River Forest Products, Inc. v. Ferguson*, 662 So. 2d 648, 658 (Miss. 1995). Our inquiry must continue, however, as to whether the movants for summary judgment met their burden by establishing that no genuine issue of material fact existed. In *Ferguson*, this Court found that the defendant companies were not liable because the evidence was insufficient to hold them liable for infliction of emotional distress based on intentional, willful, wanton or grossly negligent conduct. *Id.* at 658-59. Prior to trial, the Fergusons failed to have themselves or their property tested for dioxin. *Id.* at 659. This Court determined that the Fergusons failed to show to the jury that dioxin was present on their land or in their bodies. *Id.*

¶20. In the instant case, after the summary judgment hearing, the trial judge determined that no tests were conducted for the presence of chemicals in the plaintiffs' bodies or on their property. The trial judge refused to recognize a basis of recovery for fear of possibly having been exposed to chemicals from the Reichhold site, citing several federal court opinions. *See Nesom v. Tri Hawk Int'l*, 985 F.2d 208 (5th Cir. 1993); *Thompson v. Southern Pac. Transp. Co.*, 809 F.2d 1167 (5th Cir. 1987); *Harper v. Illinois Cent. Gulf R.R.*, 808 F.2d 1139 (5[th]Cir. 1987). The trial judge also found that the plaintiffs had offered no evidence, based on reasonable medical or scientific probabilities, that they would develop any future medical problems as a result of their alleged exposure to chemicals from the Reichhold site.

¶21. However, the attorneys for the plaintiffs indicated that they were going to have each of the plaintiffs testify at trial as to what his or her exposure had been. When the attorneys for the defendants asserted that the plaintiffs had no proof of actual exposure, the plaintiffs' attorneys responded that Dr. Hume would testify that if a person went on the site more than casually or lived adjacent to the site, which contained chemicals, then that person was exposed. When the opposing attorneys argued over whether there was a potential for being exposed or whether people were actually exposed, the trial judge commented "you know, that's debatable."

¶22. The trial judge erred here because the plaintiffs put on enough proof of exposure to overcome summary judgment. The defendants were required to show that no fact issue existed, and they claimed that none existed because there was no exposure and no proof of potential medical problems as a result of the exposure. To overcome summary judgment, the plaintiffs needed to prove only that genuine issues of material fact remained. At the summary judgment hearing, Dr. Hume testified that his opinion was that if a person was ever on the site, and chemicals were on the site, then that person was at risk of being exposed. As a result, repeated presence on the site could create a fear of exposure. Further, the plaintiffs themselves would be available to testify as to when they were on or near the site. Accordingly, summary judgment was not warranted.

### III.

¶23. The plaintiffs adduced sufficient testimony from their expert at the summary judgment hearing to show that there was a genuine factual issue as to whether the plaintiffs had actually been exposed to

chemicals and what effect any alleged exposure would have on the plaintiffs' mental states. The existence of this factual question was not precluded as a matter of law. This case should be reversed and remanded to trial court for resolution of the claims of mental and emotional distress and for fear of developing future disease, pursuant to the burdens of proof established in *Ferguson*.

**SULLIVAN, P.J., JOINS THIS OPINION.**