737 So.2d 1015 (1998)
Joe DAVIDSON, Appellant,
v.
NORTH CENTRAL PARTS, INC., West Machine Shop, Inc., and West Implement Company, Inc., Appellees.
No. 97-CA-00099 COA.
Court of Appeals of Mississippi.
November 24, 1998.
Rehearing Denied February 9, 1999.
Certiorari Denied April 29, 1999.
Wayne O. Lee, Greenville, for Appellant.
Benjamin E. Griffith, Cleveland, for Appellee.
Before BRIDGES, C.J., and COLEMAN and HERRING, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Joe Davidson challenges the grant of summary judgment by the Circuit Court of Bolivar County in favor of North Central Parts, Inc. (North Central). Davidson contends that the trial court erred by (1) failing to grant a continuance upon substitution of counsel; (2) granting summary judgment to North Central; and (3) dismissing his motion for summary judgment. Finding that summary judgment was inappropriate, we reverse and remand this case for further proceedings.

FACTS
¶ 2. On or about January 21, 1991, Davidson brought his John Deere 4640 tractor to North Central to have a used motor installed for approximately $3500.00. When North Central discovered that the motor would not fit properly onto the tractor, Davidson stated that North Central rebuilt the existing motor without any prior notification and without his consent. On or around March 1991, North Central sent Davidson a repair bill for $13,382.02. Davidson disputed the bill arguing that it was not what they had previously discussed, and that the bill was grossly excessive and overstated. When Davidson *1016 failed to pay the bill, North Central gave the bill to West Implement Company (West) for collection. Rudy Criss, a West representative, stated that he contacted Davidson and secured his permission to sell the tractor in order to pay off the outstanding debt. However, Davidson stated that he never told Criss he could sell the tractor nor did he sign any bill of sale. West sold the tractor on June 24, 1991, for $12,599.96 to another buyer. Davidson stated that a bill of sale was issued to the new buyer without any authority from him. Davidson charged North Central with conversion of the tractor, and North Central filed a motion for summary judgment. Prior to the hearing, Davidson also filed a motion for summary judgment. The trial court granted summary judgment in favor of North Central. Subsequent to the entry of summary judgment, Davidson moved for a new trial arguing that the court erred in failing to grant him a continuance and based on the court's finding that he was a "merchant" according to Miss.Code Ann. § 85-7-101 (Rev.1991). The motion was denied, and Davidson now appeals.

ARGUMENT AND DISCUSSION OF LAW
¶ 3. It is well settled in Mississippi that an appellate court reviews a trial court's decision to grant summary judgment de novo. Spartan Foods Systems, Inc. v. American Nat'l Ins. Co., 582 So.2d 399, 402 (Miss.1991). "The evidentiary matters admissions in pleadings, answers to interrogatories, depositions, affidavitsare viewed in the light most favorable to the nonmoving party, as he is given the benefit of every reasonable doubt." Id. The central focus of the review of an order granting summary judgment is whether there was "no genuine issue of material fact." Erby v. North Miss. Med. Ctr., 654 So.2d 495, 499 (Miss.1995). A fact will be considered material if it has a tendency to decide any of the issues of the case which have been properly raised by the litigants. Pearl River County Bd. of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss.1984). If this Court finds beyond a reasonable doubt that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law, we will affirm the trial court's decision to grant summary judgment. Spartan Foods, 582 So.2d at 402. However, if we find that there are disputed issues which are material to the case, we will reverse, for the purpose of a motion for summary judgment is not to resolve issues of fact but to determine whether issues of fact exist. Id. Above all, a trial court should take great care in granting a motion for summary judgment. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). If the trial court is doubtful as to whether a genuine issue of material fact exists, it should deny the motion for summary judgment. American Legion Ladnier Post Number 42, Inc. v. City of Ocean Springs, 562 So.2d 103, 106 (Miss.1990).

I. WHETHER THE COURT ERRED IN FAILING TO GRANT A CONTINUANCE.
¶ 4. Davidson argues on appeal that the court erred in not granting him a continuance when he appointed new counsel to represent him. Davidson contends that since neither party would have been prejudiced, the court should have granted the continuance. North Central argues that Davidson's motion for continuance failed to conform to the requirements of Rule 56(f) of the Mississippi Rules of Civil Procedure.[1] North Central contends that since Davidson failed to file any affidavits as the non-moving party, it was within the trial judge's discretion to deny Davidson's motion for a continuance. In addition, *1017 North Central argues that Davidson failed to demonstrate how a continuance would enable him to rebut their showing of the absence of a genuine factual issue.
¶ 5. In Thomas v. Hilburn, 654 So.2d 898, 903 (Miss.1995), the supreme court stated that "[t]he granting of a continuance is largely a matter within the sound discretion of the trial court and unless manifest injustice appears to have resulted from a denial, this Court should not reverse." Furthermore, the supreme court held "that the trial court may exercise `reasonable latitude' in the setting and continuance of cases." After careful review of the record, this Court finds no showing that Davidson suffered any injustice from the trial judge's denial of his motion for continuance. Therefore, this Court finds that there was no abuse of discretion in denying the continuance. This issue is without merit.
II. WHETHER THE COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES.
III. WHETHER THE COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
¶ 6. Since Davidson's Issue II and III both deal with the issue of summary judgment, we shall discuss them together. Davidson argues on appeal that North Central wrongfully converted his tractor by selling it without his consent or knowledge according to Miss.Code Ann. § 85-7-101 (Rev.1991).[2] North Central contends that Miss.Code Ann. § 85-7-101(Rev.1991) is inapplicable since Davidson is considered a "merchant" under Miss.Code Ann. § 75-2-104 (Rev.1991).[3] North Central argues that since Davidson is considered a "merchant," the transaction that occurred between the two parties falls under the "merchant's exception" which states:
Between merchants if within reasonable time a writing and confirmation of the contract are sufficient against the sender is received and the party receiving it has reason to know its content, it satisfies the requirement of sub-section (1) against such party unless written notice of objection to its content is given within ten (10)days after it is received.
Miss.Code Ann. § 75-2-201 (1972).[4] We disagree.
¶ 7. Although the Mississippi Supreme Court stated in Vince v. Broome, 443 So.2d *1018 23, 25 (Miss.1983) that farming as an occupation may be considered a merchant class if their particular factual situation falls within the definition of merchant as defined by the Code, the Court has not further interpreted farmers as merchants. Therefore, this Court finds persuasive in its consideration the rulings of a few other states that have considered the issue.
¶ 8. In Cook Grains, Inc. v. Fallis, 239 Ark. 962, 395 S.W.2d 555, 555 (Ark.1965), the supreme court held that a soybean farmer was not a merchant within the definition of the statute where he was merely selling the commodities he had raised. The Court stated, "There is not a scintilla of evidence in the record, or proffered as evidence, that appellee is a dealer in goods of the kind or by his occupation holds himself out as having knowledge or a skill peculiar to the practices of goods involved in the transaction, and no such knowledge or skill can be attributed to him." Id. at 964, 395 S.W.2d 555.
¶ 9. In Loeb and Company, Inc. v. Schreiner, 294 Ala. 722, 321 So.2d 199, 199 (Ala.1975), the supreme court held that a cotton farmer does not solely by his occupation hold himself out as being a professional cotton merchant as defined by the statute. In that case, the Court held that in order for a farmer to be included within the definition of "merchants," he must do one of the following:
1. deal in goods of the kind;
2. by his occupation hold himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction; or
3. employ an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.
Id. at 201-02. The Court went on to say that "[i]t is not sufficient under 2 that one hold himself out as having knowledge or skill peculiar to the practices or goods involved, he must [B]y his occupation so hold himself out. Accordingly, a person cannot be considered a `merchant' simply because he is a braggart or has a high opinion of his knowledge in a particular area."
¶ 10. In Sand Seed Service, Inc. v. Poeckes, 249 N.W.2d 663, 663 (Iowa 1977), the supreme court used the same test as the Alabama Supreme Court, and held that the farmer in that case was not a merchant. In Sand Seed, the farmer annually sold the crops that he harvested. The supreme court stated, "Although this makes him an expert in [G]rowing crops, it does not do so in [S]elling them." Id. at 666. Furthermore, the Court held that a "farmer may indeed also be a merchant under certain circumstances. Whether he is or is not is ordinarily a question of fact." Id.
¶ 11. It is this Court's opinion that Davidson was not a "merchant," but a "customer" when he took his tractor to North Central to be repaired. Although the facts in the cases above are slightly different in that they deal with the buying and selling of crops, this Court agrees with their reasoning and believes that they can be applied to the case at bar. Through training and years of experience, Davidson may well possess or acquire special knowledge, skills, and expertise about tractors; however, this does not make him a "professional," equal in the marketplace with a company that sells or repairs tractors. Even though Davidson is a farmer, he was not acting in the capacity as a merchant nor dealing in goods of the kind when he took his tractor to North Central to be repaired. Davidson's occupation as a farmer may have required the use of a tractor, but in no way gave him any special knowledge or expertise sufficient to make *1019 him a dealer in goods of the kind. He simply took his tractor to be repaired just as a person would take their car to an auto repair shop to be repaired.
¶ 12. Since there is a genuine issue of material fact and reasonable minds could differ as to whether Davidson was a merchant under the statute, this Court finds that summary judgment was improperly granted. Although we recognize that Davidson failed to file counter-affidavits, this in and of itself, does not justify the granting of summary judgment. In Smith v. H.C. Bailey Companies, 477 So.2d 224, 233 (Miss.1985), the supreme court held, "Summary judgment is not, however, an automatic sanction for noncompliance with Rule 56(e).[5]" Moreover, the court stated that "[a] movant must establish the propriety of relief by the strengths of his own showing, not by the defects in his opponent's showing." Id. Summary judgment is not a substitute for a trial on disputed issues of fact; it permits a court to render judgment only if there are no disputed facts. Id. at 234. We are not the factfinder on summary judgment, but only allowed to determine if there are issues to be tried. Id.; see also M.R.C.P. 56. Therefore, the above discussion leads this Court to conclude that there was a genuine issue as to a material fact, thus requiring reversal of the summary judgment against Davidson.
¶ 13. With regards to Davidson's motion for summary judgment, this Court finds that Davidson failed to file his motion ten days prior to the hearing as required by Rule 56(c) of the Mississippi Rules of Civil Procedure.[6] And even though the trial judge failed to address this in his denial of Davidson's motion for summary judgment, this Court is aware of the rule and finds that the motion was properly denied. Accordingly, the judgment of the lower court is reversed and remanded for further proceedings as if the appellee's motion had also been denied.
¶ 14. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.
McMILLIN, P.J., concurs in result only.
NOTES
[1] M.R.C.P. 56(f) states:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
[2] Section 85-7-101 states:

Except as otherwise provided in § 85-7-107, all carriages, buggies, wagons, plows, or any article constructed, manufactured or repaired for any person, and at his instance, shall be liable for the price of the labor and material employed in constructing, manufacturing or repairing the same; and the mechanic to whom the price of said labor and material may be due shall have the right to retain possession of such thing so constructed, manufactured or repaired until the price be paid; and if the same shall not be paid within thirty (30) days, he may commence his suit in any court of competent jurisdiction and upon proof of the value of the labor and materials employed in such repairs, manufactures or construction, he shall be entitled to judgment against the party for whom such labor was done or materials furnished, with costs, as in other cases, and to a special order for the sale of the property retained in his possession for the payment thereof, with costs, and to an execution, as in other cases, for the residual of what remains unpaid after the sale of the property.
[3] "Merchant" means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill....

(3) "between merchants" means in any transaction with respect to which both parties are chargeable with the knowledge or skill of merchants.
[4] Subsection (1) of § 75-2-201 states:

Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars ($500.00) or more is not enforceable by way of action of defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.
[5] Rule 56(e) states:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached there to or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
[6] Davidson's motion for summary judgment was filed on November 27, 1996, and the trial judge granted summary judgment in favor of North Central on December 4, 1996.