836 So.2d 792 (2002)
L.C. BENJAMIN, Appellant,
v.
CORNWELL WELL SERVICE, Appellee.
No. 2001-CA-00888-COA.
Court of Appeals of Mississippi.
June 25, 2002.
Rehearing Denied September 17, 2002.
Certiorari Denied January 30, 2003.
D.L. Jones, Jr., Jackson, Attorney for Appellant.
*793 Joseph L. McNamara, Donna H. Wright, Ridgeland, John Michael Coleman, Attorney for Appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. This is an appeal from a grant of summary judgment in the Circuit Court of Lincoln County, with the Honorable Keith Starrett presiding. L.C. Benjamin sued Cornwell Well Service for negligent entrustment of a deadly weapon, a truck, after he was run over by the truck. Finding that no disputed material facts existed, the court granted summary judgment in favor of Cornwell. It is this holding of the court that Benjamin now appeals. Finding no error, we affirm.

FACTS
¶ 2. In the morning hours of October 11,1998, L.C. Benjamin was run over by a Cornwell Well Service truck. This truck was driven by Robert Bryan Smith, a friend of George Case, the Cornwell employee entrusted with the truck. While employed as a floor hand for Cornwell, Case was allowed use of a company-owned truck for travel to and from job sites. He was instructed that he was the only person allowed to drive the truck, that he was not to drink and drive, and that he was not to use the truck to travel to purchase alcohol. He was also prohibited from having passengers in the truck other than those employed with Cornwell.
¶ 3. On the morning in question, Smith came to Case requesting a ride into town. Case refused but finally relented. However, Case permitted Smith to drive because Case was very hung-over from the previous night. Unbeknownst to Case, Smith had a suspended license due to a previous DUI arrest. After Smith struck Benjamin, Smith fled the scene in the truck. Later the police located the truck and Case and took Case in for questioning.

STANDARD OF REVIEW
¶ 4. Our standard of review for summary judgment is de novo. We will not affirm summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Singleton v. Ratliff, 757 So.2d 1098(¶ 6) (Miss.Ct. App.2000) (quoting Spartan Foods Systems, Inc., v. American Nat'l. Ins. Co., 582 So.2d 399, 402 (Miss.1991)). All that is required of a non-moving party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under M.R.C.P. 56(c). Id.

DISCUSSION
¶ 5. In order for the master to be liable for damage caused by his servant, the servant must be acting within the course and scope of his employment. Partrige v. Harvey, 805 So.2d 668, 670(¶ 5) (Miss.Ct.App.2002).
In order for the master to escape liability, it must be shown that the servant, when the wrongful act was committed, had abandoned his employment and gone about some purpose of his own not incident to his employment.
Id. Case was not acting within the course and scope of his employment when he allowed a non-employee to drive his truck on the way into town. In addition, this accident occurred on a Sunday morning. Sunday is not one of the days that Case works for Cornwell and a trip to town does not qualify as being in the scope of his employment, since it was not "of the same *794 general nature of, or incidental to, the conduct authorized" by his employer. Id.
¶ 6. Benjamin asserts that because Cornwell did not fire Case the time he was caught with a non-employee passenger, he was negligently retained and liability can be imputed to Cornwell through Case. We are unable to see the causal connection between Case carrying a passenger and Case allowing someone else to drive his vehicle which then struck a pedestrian. Benjamin wants this Court to reverse the ruling of the lower court because he claims the material fact in question is whether Case was negligently retained. With the record provided, we likewise find that summary judgment was appropriate.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.