KING, P.J.,
for the court.
¶ 1. John Stephens was discharged from his employment, and brought suit for wrongful discharge, breach of contract and defamation. The Coahoma County Circuit Court held Stephens was an employee at will, and granted summary judgment for the employer. Stephens appeals, asserting that the employee handbook created an employment contract between himself and the appellants, and material facts existed as to whether his termination was proper. We find that the employee handbook did not create an employment contract, and therefore affirm the circuit court.
STATEMENT OF FACTS
¶ 2. The Appellees (Carlisle) owned and operated several Wendy’s restaurant franchises in Mississippi. Stephens was an area manager, with oversight responsibility for six Wendy’s restaurants in Meridian, Columbus, Amory and Starkville, including one on the campus of Mississippi State University.
¶ 3. In the fall of 1996, Stephens called John Hughes, the chief operating officer of Carlisle, and indicated that Henrietta Bradford manager of the Columbus Wendy’s, would be calling to relay sexual harassment complaints against Stephens. As indicated by Stephens, Bradford called Hughes to alert him to allegations of sexual misconduct by Stephens. However, Hughes, whose office was located in Memphis, declined to discuss the matter over the telephone, and instead arranged his schedule to meet with Bradford in Columbus.
¶ 4. After meeting with Bradford, Hughes contacted Stephens and suggested it would be appropriate for him to change his conduct and informed him that sexual harassment was a reason for dismissal.
¶ 5. Sometime later, Hughes received a call from Vickey Clark, director of food services at Mississippi State University, who complained that Stephens had engaged in sexual harassment of an employee there. After receiving this report, Hughes consulted with company officials, and then called and informed Stephens of his dismissal.
¶ 6. Stephens sued Carlisle in Coahoma County Circuit Court. After completion of discovery, Carlisle moved for summary judgment, stating that the evidence indicated that Stephens was an at will employee, who could be discharged without establishing just cause. The trial court agreed and granted the motion for summary judgment.
DISCUSSION
¶ 7. This court reviews de novo the grant or denial of a motion for summary judgment. Cities of Oxford v. Northeast Miss. Elec. Power Ass’n., 704 So.2d 59, 64 (Miss.1997). If the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show there is no genuine issue as to any material fact, then summary judgment is appropriate. Id. See also M.R.C.P. 56.
¶ 8. In the absence of a contract to the contrary, all employment in Mississippi is at will. McCrory v. Wal Mart Stores, Inc., 755 So.2d 1141(¶ 6) (Miss.Ct.App.1999). However, the Mississippi Supreme Court has held where an employee handbook creates specific grounds and procedures for termination, an employment contract may be found and the common law rule abrogated by the contracting parties. Bobbitt v. The Orchard, Ltd., 603 So.2d 356, 360-61 (Miss.1992). However, when that handbook, specifically disclaims any intent to alter the employment at will doctrine, an employee may not generally maintain an action for wrongful termi *873 nation. Byrd v. Imperial Palace of Miss., 807 So.2d 433(¶ 18) (Miss.2001); McCrary, 755 So.2d at 1144-45 (¶ 16).
¶ 9. The employee handbook in this case contained such a disclosure, which reads, “Since employment at the Carlisle Corporation is based on mutual consent, either the employee or the employer is privileged to terminate the employee.” The trial court found this language to be sufficient to preclude the employee handbook from constituting an employment contract, and thereby altering the employment at will doctrine.
¶ 10. Indeed, it should be noted that in his deposition, Stephens acknowledged that he had no written contract with Car-lisle and could leave its employ whenever he so chose, and that the company was likewise free to terminate his employment whenever it so chose.
¶ 11. In a summary judgment proceeding, the plaintiff must rebut the defendant’s claim that no genuine issue of material fact existed by producing supportive existence of significant and probative value. Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1346, 1355 (Miss.1990). Should the plaintiff fail to rebut defendant’s claim that no genuine issue of material fact existed, then summary judgment is appropriate. Spartan Foods Sys., Inc. v. American Nat. Ins. Co., 582 So.2d 399, 402 (Miss.1991). In this case Stephens failed to rebut Carlisle’s claim that there were no disputed issues of material fact; accordingly, summary judgment was appropriately granted.
1112. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. THE APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.