915 So.2d 486 (2005)
Alfred FRYE, Janet Frey, Patricia Miles, Belinda Nickels, Yvonne Norman, Marshall Banks and Darrious Berry, Appellants
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, Claiborne County Farm Bureau and Jefferson County Farm Bureau, Appellees.
No. 2003-CA-02372-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*488 Harry Merritt McCumber, James F. Noble, Jackson, Christopher Wayne Cofer, attorneys for appellants.
Charles G. Copeland, Rebecca Suzanne Blunden, Ridgeland, attorneys for Appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Alfred Frye, Janet Frey, Patricia Miles, Belinda Nickels, Yvonne Norman, Marshall Banks, and Darrious Berry (Appellants) filed suit against Southern Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, and Jefferson County Farm Bureau (Farm Bureau) claiming damages for Farm Bureau's involvement in a statewide fraudulent scheme in its sale of automobile disability income coverage. The Circuit Court of Jefferson County denied the Appellants' third motion for continuance and granted summary judgment in favor of Farm Bureau, pursuant to Rule 56 of the Mississippi Rules of Civil Procedure. The complaint was dismissed with prejudice. From this decision, the Appellants timely appealed.

FACTS
¶ 2. The Appellants in this case asserted several causes of action based on their purchase of automobile insurance policies from Farm Bureau. The automobile insurance policies in question contained automobile disability income coverage, which was an optional coverage offered by Farm Bureau at a cost of $3 per six month policy period. The automobile disability income coverage provided for a daily monetary payment ranging from $7 to $20, depending on various factors. To trigger the monetary payments, the named beneficiary must suffer "continuous total disability resulting directly, and independently of all other causes, from bodily injury caused by automobile accident, and sustained while occupying any motor vehicle."
¶ 3. Each of the Appellants was the named insured on one or more automobile insurance policies purchased from Farm Bureau that contained automobile disability income coverage. Throughout the life of the policies, Farm Bureau sent each of the Appellants a copy of their policies, numerous declaration pages, and numerous renewal notices. The record shows that none of the Appellants ever asserted a claim for benefits under the automobile disability income coverage, nor were any of the Appellants ever disabled in an automobile accident.
¶ 4. On December 30, 2002, the Appellants filed their initial complaint against Farm Bureau. The complaint alleged that Farm Bureau engaged in a statewide fraudulent scheme by selling automobile insurance policies that contained automobile disability income coverage. The Appellants further alleged that Farm Bureau knew that the policy holders of this automobile disability income coverage would not know of its "inadequate, unnecessary and `phantom' nature and that the actual *489 loss experience for this coverage would be minimal, if non-existent." The Appellants' claims against Farm Bureau amount to tortious breach of contract, breach of good faith and fair dealing, breach of fiduciary duties, and fraud. The attorneys in the instant case previously filed Banks et al. v. Southern Farm Bureau Casualty Insurance Company et al., No.2003-CA-02371-COA on October 8, 2002. The subject matter and claims in Frye were identical to those in Banks, and for discovery purposes, Fyre and Banks were treated as companion cases.
¶ 5. A status hearing was held on May 12, 2003, and the circuit court set the case for trial on October 8, 2003. On May 29, Farm Bureau filed a motion for summary judgment. The Appellants subsequently filed a motion for extension of time to respond to the motion for summary judgment on June 6. A hearing on these motions was held on June 16, and the court granted the Appellants an additional thirty days to file a response. On July 1, the Appellants sent a letter to Farm Bureau that contained a series of interrogatories with requests for production of documents. Farm Bureau responded to these interrogatories on July 8. On July 16, the Appellants filed another motion for extension of time in which to respond. The Appellants urged that more time was needed for their experts to review the multitudinous documents produced by Farm Bureau in response to the July 1 request.
¶ 6. On July 23, Farm Bureau filed a response in opposition to further continuance. Farm Bureau argued that the Appellants' inability to respond to the motion for summary judgment was not due the need for further discovery, but to the Mississippi law imputing knowledge of the terms of insurance polices to the policyholders. Farm Bureau further claimed that the Appellants failed to meet the specificity requirements of Rule 56(f) of the Mississippi Rules of Civil Procedure, as they failed to present a single fact or area of inquiry that would create a genuine issue of material fact and preclude summary judgment. Moreover, Farm Bureau argued that the Appellants' motion for continuance should be denied because their own delay caused their alleged need for discovery.
¶ 7. On August 8, 2003, the Appellants sent a 30(b)(6) notice to Farm Bureau via a facsimile. A pre-trial hearing was held on August 11, 2003, during which the court granted the Appellants an extension until August 15 to submit an affidavit in compliance with Rule 56(f) of the Mississippi Rules of Civil Procedure. The court explained that the affidavit should outline the importance and materiality of the information that has allegedly not been discovered, or the information not yet developed by the Appellants' experts. The court further instructed the Appellants to include the reasons, as a matter of law, that the information sought could potentially defeat Farm Bureau's motion for summary judgment.
¶ 8. On August 15, the Appellants filed a response to Farm Bureau's motion for summary judgment and motion for continuance. In their third motion for continuance, the Appellants charged Farm Bureau with deliberate obstruction of the discovery process and claimed that the additional time granted by the court for discovery had been a "lesson in futility." The Appellants responded to the motion for summary judgment stating that genuine issues of material fact existed in light of the substantial discovery to be completed, namely: the outstanding corporate 30(b)(6) depositions that had been noticed, and Farm Bureau's refusal to produce documents relevant and responsive to the *490 interrogatories and requests sent on July 1.
¶ 9. On August 26, Farm Bureau filed a rebuttal to the Appellants' response to the motion for summary judgment and motion for continuance, insisting that it went to great lengths to ensure that any requested documents were produced. Farm Bureau further argued that the Appellants lacked diligence, and that they failed to explain why the documents sought were material to the legal issues raised in the motion for summary judgment. Moreover, Farm Bureau alleged that summary judgment was appropriate because the Appellants had not produced significant probative evidence showing that there were genuine issues for trial.
¶ 10. The court below entered a memorandum opinion and order on September 29, 2003. The court concluded that the Appellants failed to meet the requirements for a continuance pursuant to Rule 56(f), and that the Appellants also failed to assert any genuine issue of material fact that could potentially concern any of their claims. Specifically, the court found that the Appellants' claims for tortious breach of contract and breach of good faith and fair dealing failed as a matter of law because there was no denial of benefits, no wrongful conduct that interfered with the Appellants' ability to receive benefits, and no fiduciary relationship. Regarding the Appellant's fraud-based claims, the court found that three of the Appellants' claims were time barred and that they could not prove fraudulent concealment to toll the statute of limitations. As to the other fraud claims, the court held that the knowledge of the contents of the insurance policies was imputed to the Appellants as a matter of law. Finally, the court held that the Appellant's claim that the coverage was useless "led the [Appellants] headfirst into the filed rate doctrine." Consequently, the court denied the Appellants' motion for a continuance and granted Farm Bureau's motion for summary judgment.
¶ 11. The Appellants filed a notice of appeal on October 27, 2003. They now assert two issues for our review, namely: (1) whether the trial court erred in denying the Appellants' motion for continuance; and (2) whether the trial court erred in granting Farm Bureau's motion for summary judgment because neither the applicable statute of limitation nor the "filed-rate" doctrine bars the Appellants' claims as a matter of law.

ISSUES AND ANALYSIS

I. Whether the trial court erred in denying the Appellants' motion for continuance.
¶ 12. This court has repeatedly held that trial judges have vested in them broad discretionary powers in granting or refusing to grant a continuance. McClendon v. State, 335 So.2d 887, 888 (Miss.1976). Our review of a trial court's actions regarding discovery issues is limited to an abuse of discretion standard. Wyatt v. City of Pearl, 876 So.2d 281, 283(¶ 6) (Miss.2004) (citing Byrom v. State, 863 So.2d 836, 849(¶ 20) (Miss.2003)). Therefore, the denial of a continuance is not reversible error, "unless manifest injustice appears to have resulted from [that] denial." Davidson v. North Cent. Parts, Inc., 737 So.2d 1015, 1017(¶ 5) (Miss.Ct.App.1998) (citing Thomas v. Hilburn, 654 So.2d 898, 904 (Miss.1995)).
¶ 13. The Appellants argue that the trial court's denial of their third motion for a continuance prevented them from completing discovery and obtaining certain information that was vital to their claims. According to the Appellants, this vital information included information relating to the historical make-up and design of the *491 policy, as well as information relating to actuarial composition, loss reserves, claims experience of Farm Bureau's agents, and pure profit. The Appellants contend that without this information they could not adequately respond to Farm Bureau's motion for summary judgment. Consequently, the Appellants believe that the trial court's denial of the continuance resulted in manifest injustice.
¶ 14. Pursuant to Rule 56(f) of the Mississippi Rules of Civil Procedure, the court has discretion to postpone consideration of a motion for summary judgment and to order that discovery be completed. Prescott v. Leaf River Forest Products, Inc., 740 So.2d 301, 307(¶ 13) (Miss.1999) (citing Marx v. Truck Renting & Leasing Ass'n., 520 So.2d 1333, 1343-44 (Miss.1987)). The party in opposition to the motion for summary judgment may not rely on vague assertions that further discovery will produce needed information. Id. Instead, the party must "present specific facts why he cannot oppose the motion and must specifically demonstrate `how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of material fact." Id. Moreover, Rule 56(f) "is not designed to protect litigants who are lazy and dilatory and normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the exclusive possession of the other party." Id.
¶ 15. The trial court instructed the Appellants to submit an affidavit in compliance with Rule 56(f), explaining the importance and materiality of the information not yet discovered or not yet analyzed by their experts. In response to these instructions, the Appellants filed a third motion for continuance, arguing simply that in light of substantial discovery to be completed, genuine issues of material fact existed. The Appellants argued that the corporate 30(b)(6) depositions were noticed but outstanding. However, the record shows that the Appellants did not give notice of these depositions until August 8, just two days before the hearing on their second motion for continuance. The Appellants further argued that Farm Bureau "engaged in contemptuous conduct in refusing to produce documents relevant and responsive" to the "list" submitted on July 1. However, in their second motion for continuance, the Appellants conceded that Farm Bureau produced "well over one thousand . . . documents" in response to the July 1 request.
¶ 16. We find that the trial court did not abuse its discretion in denying the Appellants' third motion for continuance. The vague assertion that "genuine issues of material fact exist" was not sufficient to comply with the requirements of Rule 56(f). Moreover, the trial court previously granted the Appellants two continuances to gain additional discovery. Therefore, we find that the Appellants have failed to show that manifest injustice resulted from the denial of their third motion for continuance. This issue is without merit.

II. Whether the trial court erred in granting Farm Bureau's motion for summary judgment because neither the applicable statute of limitation nor the "filed-rate" doctrine bars the Appellants' claims as a matter of law.
¶ 17. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Mississippi, Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005). The standard for reviewing a grant of summary judgment is the same as the standard employed by the trial court, namely, *492 whether any genuine issues of material fact existed. Id.
¶ 18. The Appellants allege that Farm Bureau committed tortious breach of contract and breach of the duty of good faith and fair dealing. "Tortious breach of contract requires, in addition to a breach of contract, some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." Braidfoot v. William Carey College, 793 So.2d 642, 655(¶ 45) (Miss.Ct.App.2000) (citing Southern Natural Gas Co. v. Fritz, 523 So.2d 12, 19-20 (Miss.1987)). The trial court held that there can be no claim for tortious breach of contract or breach of the covenant of good faith and fair dealing because there was no denial of benefits or failure to provide the Appellants any of the benefits they could have expected from the contract. The record shows that none of the Appellants ever asserted a claim for benefits under the automobile disability income coverage, nor were any of the Appellants ever disabled in an automobile accident. The Appellants have shown no evidence that a breach of contract occurred. Therefore, without a breach of contract, the trial court was correct in holding that these claims fail as a matter of law.
¶ 19. The Appellants further contend that Farm Bureau breached a fiduciary duty allegedly owed to them. The trial court correctly held that "there is no fiduciary obligation between the insured and the insurer; that is an arm's length contract between two parties." Estate of Jackson v. Mississippi Life Ins. Co., 755 So.2d 15, 24(¶ 36) (Miss.Ct.App.1999) (citing Szumigala v. Nationwide Mut. Ins. Co., 853 F.2d 274, 280 n. 7 (5th Cir.1988)). Therefore, this claim was properly dismissed as a matter of law.
¶ 20. As to the remaining fraud-based claims, the trial court held that the claims of Alfred Frye, Sr., Belinda Nickels, and Darrious Berry were time barred. Their policies were purchased on December 30, 1991, June 1, 1993, and July 21, 1999, respectively. The Appellants contend that none of their claims are barred by the statute of limitations, as the claims were either brought within the applicable time period or, the period was equitably tolled due to fraudulent concealment.
¶ 21. Fraud must be established by clear and convincing evidence. Hutton v. American General Life & Acc. Ins. Co., 909 So.2d 87, 95 (¶ 30) (Miss.Ct.App.2005). In order to toll the statute of limitations under the fraudulent concealment doctrine, the Appellants must show that Farm Bureau "engaged in affirmative acts of concealment" and that "even though they acted with due diligence in attempting to discover their cause of action, they were unable to do so." Robinson v. Cobb, 763 So.2d 883, 887(¶ 19) (Miss.2000).
¶ 22. The Appellants allege that they could not, through reasonable diligence, have discovered the misrepresentations and omissions of material fact. To the contrary, the record shows that Farm Bureau sent each of the Appellants a copy of their policies, numerous declaration pages, and numerous renewal notices throughout the life of their policies. Moreover, a party has a duty to read an insurance contract and knowledge of the contract's terms will be imputed to the party even if she does not read it. Hutton, 909 So.2d at 96(¶ 25). Therefore, knowledge of the terms of the insurance policies was imputed to all the Appellants, including those attempting to toll the statute of limitations through the doctrine of fraudulent concealment.
*493 ¶ 23. The Appellants further allege that the terms of the insurance documents were not clear and unambiguous. However, in order to withstand a motion for summary judgment, the party opposing the motion must present "significant probative evidence demonstrating the existence of the triable issue of fact." Reich v. Jesco, Inc., 526 So.2d 550, 552 (Miss.1988) (quoting Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss.1983)). Mere general allegations are not sufficient to prevent the award of summary judgment. Id. We find that the Appellants' evidence of fraud amounts to mere allegations; mere allegations are insufficient to show fraud by clear and convincing evidence. Therefore, we decline to reverse the judgment of trial court.
¶ 24. The Appellants also argue that the trial court erroneously applied the filed-rate doctrine to justify its dismissal of their claims. The Appellants contend that the coverage sold was "junk" coverage that provided no real benefit. According to the Appellants, their charge against the automobile disability income coverage does not attack the rate itself; therefore, it does not implicate the filed-rate doctrine. The Appellants provided no evidence to support the contention that the coverage was "junk" coverage. In fact, the record shows that none of the Appellants ever asserted a claim for benefits under the automobile disability income coverage, nor were any of the Appellants ever disabled in an automobile accident. Therefore, whether or not the filed-rate doctrine operates to bar the issue, this issue is without merit.
¶ 25. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.